AUGUST JASPER, Appellee, v. LOUISA JASPER, Appellant.

**DIVORCE:** Alimony—Unenforcible Decree—Modification. Decrees for alimony, proper in amount, but unenforcible by reason of the terms and lienability of unpaid payments, will be so modified on appeal as to render the decree effective.

*Appeal from Muscatine District Court.*—A. P. BARKER, **Judge.**

JANUARY 26, 1920.

REHEARING DENIED MAY 11, 1920.

AFTER the plaintiff dismissed his divorce petition, defendant obtained a divorce from him on her cross-petition. She complains of certain orders made by the court in the allowance of alimony.—*Modified and affirmed.*

*Hoffman & Hoffman,* for appellant.

*J. G. Kammerer,* for appellee.

SALINGER, J.—I. One claim upon which defendant was decreed a divorce on her cross-petition is that the plaintiff had deserted her. He has for some years been living in

Rock Island, Illinois. His wife, the appellant, has remained in their homestead. The trial court ordered that the husband pay his wife the sum of $10 a month. It was further ordered that the title of the homestead should be in the husband, and that he should pay to his wife the sum of $900, which the court found to be one half the value of the homestead. This $900 was made a lien on the property, as was the said monthly allowance of $10. It is fairly made to appear that it is inherently impossible to make all the provisions of the decree effective. The husband has made a sale of the property *pendente lite*. He cannot pay the $900 unless he do sell. If he sells, it destroys the lien that secures the payment of the $10 a month. It is fairly clear that, without this lien, it will be utterly impracticable to collect the monthly allowance from a defendant who lives outside of the state. There is no compelling reason for placing the title in the husband, absolutely. It is plain from the record that he has no sentiment connected with the homestead. He has abandoned it for some years, and has no intention to live in it. So far as appears, he has no desire to live in it. The wife does have a sentimental attachment for the homestead, and she and her children have occupied it; and, though the children are now grown, both the wife and these children desire to remain in the homestead.

The record does not justify us in finding, on the one hand, that the $900 is not large enough, and, on the other, that it is too large; nor are we justified in interfering with the holding as to monthly allowance either on the ground that the allowance is not large enough, and, on the other hand, that it is too large. We have concluded that equity will best be served by a modification of the decree. We therefore order that the following decree be entered in this court, in lieu of the one entered by the trial court:

The title of the property shall be in the appellee. The

defendant may occupy the homestead during the term of her natural life, and, during such occupancy, shall keep the property in good repair and pay the taxes thereon, and make no other payment. If she shall at any time elect to remove, the title in the husband shall become absolute if, within 60 days after he is advised of such abandonment, he shall deposit with the clerk of the district court, and for the benefit of the wife, the sum of $900. So long as said payment is not made, the interest of the wife shall, except as hereinafter modified, be and remain what it would be if the parties were not divorced, and the property remained their homestead. If the plaintiff shall survive the defendant, he shall have an election to take a one-half interest in the property, or to take title to all of the same, on payment of $900 to the devisees or heirs of the defendant. The property shall stand charged with a lien for all monthly allowances made under the decree appealed from, and appellant may have special execution to enforce the collection of any such payments as to which there has been or shall be default by the sale of said property, subject to redemption.— *Modified and affirmed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.